UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY JEROME DUKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1135-AGF |
| | ) | |
| BI-STATE DEVELOPMENT AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Rodney Jerome Dukes for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff brings this action against defendant Bi-State Development Agency, alleging that he sustained a back injury after the door of a Bi-State bus closed on him, either because the door jammed or the bus driver intentionally closed the door on him. Plaintiff states that he lives in Illinois, and he does not know where defendant is located; he seeks unspecified monetary relief. Plaintiff does not state the jurisdictional grounds for filing this action in federal court.

Having carefully reviewed the complaint, the Court will liberally construe this action as having been brought pursuant to 28 U.S.C. § 1332.[1] The Court finds that this action should be

---

[1] Plaintiff does not allege that Bi-State Development Agency is a state actor or that defendant violated his constitutional rights, and thus, there can be no cause of action under 42 U.S.C. § 1983. *See Andrews v. City of W. Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006)(to state claim under § 1983, plaintiff must allege violation of constitutional right committed by person acting under color of state law). Moreover, plaintiff does not

2

dismissed for lack of federal-court subject matter jurisdiction. Plaintiff has failed to satisfy the diversity and amount-in-controversy requirement under 28 U.S.C. § 1332. Moreover, plaintiff has failed to assert any allegations against defendant Bi-State Development Agency. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action and the complaint fails to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

---

claim that the instant action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

A separate order of dismissal shall accompany this memorandum and order.

Dated this 8th day of August, 2011.

_____
**UNITED STATES DISTRICT JUDGE**